UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

KAREN WEITHERS,

                Plaintiff,

   -against-                                              04 Civ. 6713 (CLB)(GAY)

AMERIPATH NEW YORK, INC.,

                Defendant.

-------------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

I. <u>Background</u>

On or about December 6, 2004, defendant Ameripath New York, Inc. Served its First Request to Plaintiff for Production of Documents and also a First Set of Interrogatories upon plaintiff Karen Weithers. Under the federal rules, plaintiff's responses were due on or about January 6, 2005. Defendant has advised that it has both called on the telephone and written a letter to counsel for the plaintiff seeking responses to the overdue requests. (<u>See</u> letter of March 29, 2005 from defendant to counsel for plaintiff advising that the discovery responses were over 60 days past due and requesting that they be provided no later than April 5, 2005).

On April 27, 2005, defendant's counsel wrote the Court seeking intervention to compel the plaintiff to provide the outstanding responses. The Court subsequently scheduled an in-person pretrial conference for May 5, 2005. Counsel for plaintiff appeared at the conference by telephone and advised the Court that the responses had already been served. The Court directed plaintiff's counsel to reserve the responses by

May 9, 2005. Notwithstanding that direction by the Court, defendant still did not receive the discovery responses. Defendant then provided the Court with a letter dated May 17, 2005 advising of the plaintiff's non-compliance. Defendant requested the Court to issue an Order advising plaintiff that the complaint would be dismissed if the discovery requests were not responded to by a date certain.

On May 27, 2005, the Court issued an Order directing plaintiff to serve her responses to Defendant's First Set of Interrogatories and First Request for Production of Documents without objections, by June 3, 2005. The plaintiff was further advised that failure to do so could result in the sanction of dismissal of the complaint pursuant to Fed.R.Civ.P. 37, 41. The May 27, 2005 Order was sent to plaintiff by facsimile, regular mail, and certified mail, return receipt requested, Plaintiff still did not provide the responses. By letter brief dated June 10, 2005, defendant has moved for an Order dismissing the complaint alleging that plaintiff did not provide responses to the discovery requests. Plaintiff has not responded to the motion to dismiss the complaint.

II. <u>Sanctions</u>

Fed R. Civ. P. 37(d) provides in relevant part that:

> If a party ...fails...to serve answers or objections to interrogatories
> submitted under Rule 33, after proper service of the interrogatories,
> or ... to serve a written response to a request for inspection [of documents]
> submitted under Rule 34, after proper service of the request, the court...
> may make such orders in regard to the failure as are just, and among
> others, it may take any action authorized under [Rule 37(b)(2)(A), (B), or
> (C)].

Fed.R.Civ.P. 37(b)(2) authorizes the Court to sanction a recalcitrant party by entering an order: (1) deeming the matter which is the subject of the discovery request established for the purposes of the action; (2) prohibiting the offending party from

supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; or (3) striking out pleadings, or parts thereof, dismissing the action in whole or in part, or granting a default judgment. The imposition of these and other discovery sanctions is within the Court's discretion. See Tangorre v. Mako's Inc., No. 01 Civ. 44301, 2002 WL 206988 *5 (S.D.N.Y. Feb. 8, 2002).

The "appropriateness of a given sanction is not guided by any clear rule or doctrine but should be just, in accordance with the terms of Rule 37(d), and should serve the guidelines outlined in Update Art, Inc. v.. Modiin Publishing, Ltd., 843 F.2d 67 (2d Cir. 1988), and Williams v. National Housing Exchange Inc., 165 F.R.D. 405, 408 (S.D.N.Y. 1999)." Id. (citations omitted). The three purposes of Rule 37 sanctions set forth in Update Art are: (1) they insure that a party will not benefit from failure to comply with discovery requests, (2) they are specific deterrents in a case to a particular party, and (3) they have a general deterrent effect on the case at hand and on other litigation. Update Art, 843 F.2d at 71.

Here, the Court finds it inexplicable that the plaintiff has failed to respond to discovery requests that have been pending for over seven months. Plaintiff has failed to respond notwithstanding the oral direction to do so at the May 5, 2005 pretrial conference and the written order of this Court dated May 27, 2005. Moreover, plaintiff has even failed to respond to this motion by the defendant for sanctions. The Court concludes, upon careful review and consideration, that the harsh remedy of preclusion of evidence is appropriate and fully warranted. Plaintiff has blatantly disregarded the aforesaid orders and discovery requests.

"Provided that there is a clearly articulated order of the court requiring specified

3

discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991)(citation omitted). This Court has given plaintiff ample time to respond to the discovery orders. Plaintiff was also on notice that failure to comply with the order would result in severe sanctions.

Accordingly, plaintiff is hereby precluded from offering as evidence at any proceeding in this matter, including but not limited to trial and dispositive motions, any documents or witnesses requested in the interrogatories and document requests that were served on or about December 6, 2004. This preclusion does not apply to the testimony of the plaintiff and documents attached to the complaint or already provided by plaintiff to defendant pursuant to Fed.R.Civ.P. 26(a).

Discovery in this matter concluded on July 15, 2005 and the dispositive motions were to be filed by August 19, 2005. The defendant is granted leave to seek an extension of said schedule to take the deposition of the plaintiff and/or others. The Court will not entertain any request by the plaintiff to extend discovery. Any request by defendant to extend the above date(s) shall be made within ten days of this Order.

SO ORDERED:

Dated: July 2, 2005
White Plains, New York

GEORGE A. YANTHIS, U.S.M.J.

4